IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ROGER JONES, JR.,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

No. 1:18-cv-01060-JDB-jay
Re: 1:15-cr-10072-JDB-1

ORDER GRANTING PETITIONER'S MOTION TO AMEND REPLY,
DENYING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner, Roger Jones, Jr.,[1] filed a motion to vacate, set aside, or correct his sentence (the "Petition") pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1-1.)[2] On June 25, 2019, the Court granted his motion to amend the Petition to add a supplemental claim. (D.E. 13.) For the following reasons, the Petition, as amended, is DENIED.

BACKGROUND

In September 2015, a federal grand jury for the Western District of Tennessee charged Jones with two counts of possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. (*United States v. Jones*, No. 1:15-cr-10072-JDB-1 ("No. 1:15-cr-10072-JDB-1"), D.E. 2.) Attorney Robert L. Thomas was appointed to represent the Defendant.

---

[1]The Court will refer to Jones as the "Defendant" in its discussion of the underlying criminal case.

[2]Record citations are to documents filed in the present case unless otherwise noted.

On April 11, 2016, counsel filed a motion to suppress the warrant for the search of Jones' home, which had been obtained and executed by local law enforcement officers. (*Id.*, D.E. 30.) Thomas argued that the search warrant did not adequately describe the home to be searched, was not supported by probable cause, and was issued and executed in violation of Rule 41 of the Tennessee Rules of Criminal Procedure. He also maintained that "Tenn. R. Crim. P. 41 is intended to conform to Rule 41 of the Federal Rules of Criminal Procedure." (*Id.*, D.E. 30-1 at PageID 51 (internal quotation marks omitted).) The undersigned conducted a suppression hearing and denied the motion. (*Id.*, D.E. 36-37, 59.)

The Defendant entered into an agreement with the Government whereby he would plead guilty to both counts of the indictment in exchange for the Government's recommendation of a 151-month sentence. (*Id.*, D.E. 42.) He also agreed to waive his appeal rights. On July 18, 2016, he pleaded guilty (*id.*, D.E. 40) and contemporaneously filed a notice of entry of a conditional plea pursuant the Fed. R. Crim. P. 11(a)(2) (*id.*, D.E. 41).

In anticipation of sentencing, the United States Probation Office prepared a presentence report (the "PSR"). The PSR calculated a base offense level of 24 pursuant to § 2D1.1(c)(8) of the United States Sentencing Commission *Guidelines Manual* (the "Guidelines" or "U.S.S.G."). (PSR ¶ 16.) Two levels were added because "the defendant maintained a premise for the purpose of manufacturing or distributing a controlled substance." (*Id.* ¶ 17 (applying U.S.S.G. § 2D1.1(b)(12)).) The PSR advised that the Defendant was a career offender because the crimes to which he pleaded guilty were committed subsequent to his sustaining at least two felony convictions for controlled substance offenses. (*Id.* ¶ 22 (applying U.S.S.G. § 4B1.1(b)(3)).) The qualifying felonies were one Tennessee conviction for possession of cocaine with intent to deliver or sell in violation of Tennessee Code Annotated § 39-17-417(a)(4), and one federal conviction

for possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). (*Id.* ¶¶ 37, 41.) His offense level was therefore increased to 32. Three points were deducted for his acceptance of responsibility. (*Id.* ¶¶ 23-24.) "Based upon a total offense level of 29 and a criminal history category of VI, the guideline imprisonment range [was calculated to be] 151 months to 188 months" of incarceration. (*Id.* ¶ 92 (bolding omitted).)

A sentencing hearing was held on December 2, 2016. (No. 1:15-cr-10072-JDB-1, D.E. 54.) The undersigned found that the Defendant was a career offender and applied a three-level reduction for his acceptance of responsibility. The resulting advisory Guidelines range was determined to be "between 151 and 181 months." (*Id.*, D.E. 61 at PageID 277.) The Government's motion under U.S.S.G. § 5K1.1 was granted.[3] (*Id.*, D.E. 61 at PageID 280.) Upon consideration of the sentencing factors, as set forth in 18 U.S.C. § 3553(a), the "statements of counsel, the entire record in this matter, the PSR, and . . . the position papers filed, the Court . . . impose[d] a sentence of 130 months on each count concurrent," and three years of supervised release. (*Id.*, D.E. 61 at PageID 280.)

The Defendant took a direct appeal challenging the denial of his suppression motion. *See United States v. Jones*, 707 F. App'x 317 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 935 (2018). The Sixth Circuit rejected his arguments that "(1) the warrant lacked probable cause; (2) the warrant was invalid because it listed the wrong address; and (3) the search violated Rule 41 of the Tennessee Rules of Criminal Procedure." *Jones*, 707 F. App'x. at 319. Regarding Rule 41, the court reasoned:

> [T]his is a *federal* criminal proceeding, not a Tennessee proceeding. So the validity of the search warrant, even if obtained by local officers, depends on the

---

[3]Section 5K1.1 provides that, "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1.

> requirements of the Fourth Amendment—not state rules of criminal procedure. Moreover, the exclusionary rule emanates from the Fourth Amendment, so there would be no basis for suppressing evidence in a federal proceeding, even supposing the violation of state criminal procedure. And as discussed above, the search warrant complied with the Fourth Amendment.
>
> Jones correctly notes that Tennessee Rule 41 "is intended to conform to Rule 41 of the Federal Rules of Criminal Procedure." Advisory Comm'n Comments, Tenn. R. Crim. P. 41. The similarity of the Tennessee rule to the federal rule does not change the fact that Tennessee law does not apply here. And even if we were to construe his argument as an attempt to invoke Federal Rule 41, the argument still fails. First, Jones argues that the search was based on a legally insufficient search warrant and supporting affidavit. This claim is identical to Jones' constitutional claims—it thus fails for the reasons discussed above.

*Id.* at 320 (some internal citations and quotation marks omitted).

## DISCUSSION

Jones filed the Petition and a supporting memorandum on April 9, 2018. By order dated June 25, 2019, the Court granted the inmate's motion to add an additional claim and directed the Respondent, the United States of America, to file a response to the Petition, as amended. (D.E. 13.) The Government filed its response on September 7, 2019. (D.E. 17.) Petitioner filed a reply one month later. (D.E. 18.) He subsequently submitted a motion for leave to amend the reply, which remains pending. (D.E. 19.) In his motion, Petitioner asks that he be allowed to expand upon his arguments in support of his claims. For good cause shown, the motion is GRANTED.

The Petition, as amended, asserts that "the Court[] violat[ed] . . . [Tennessee's] Long-arm Statute," and thus did not have personal jurisdiction over Jones (D.E. 1-1 at PageID 14) (Claim 1); counsel was ineffective for failing to challenge the Court's jurisdiction in both the district court and on direct appeal (Claim 2), pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc); Petitioner was improperly

4

designated as a career offender (Claim 3); and counsel was ineffective for failing to make that argument (Claim 4).[4]

Respondent maintains that all of the claims are without merit and that Claim 3 is also non-cognizable on collateral review. In his reply, Petitioner reiterates his argument that *Havis* has abrogated his career-offender status.

I. Legal Standards.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). "In reviewing a § 2255 motion in which a factual dispute arises, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (internal quotation marks omitted). "[N]o hearing is required," however, "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* A petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

A claim that an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel alleges an error of constitutional magnitude cognizable in a § 2255 proceeding. *See id.* Such a claim is controlled by the standards articulated in *Strickland v.*

---

[4]The Court has liberally construed the Petition, the supporting memorandum, and Jones' supplemental pleading, and it has renumbered the claims for clarity. In addition to the four claims set forth above, Petitioner also asserts in his supporting memorandum that his appeal waiver should not bar relief in this case. Because the Government has not argued application of the waiver, the inmate's argument is irrelevant.

*Washington*, 466 U.S. 668 (1984). *Id.* at 966. To succeed on such a claim, a petitioner must demonstrate two elements: (1) "that counsel's performance was deficient"; and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

To establish deficient performance, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. A court considering a claim of ineffective assistance must apply "a strong presumption" that the attorney's representation was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted).

An attorney's "strategic choices" are "virtually unchallengeable" if based on a "thorough investigation of law and facts relevant to plausible options . . . ." *Id.* at 690-91. "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.*

To demonstrate prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693) (citations omitted). Instead, "[c]ounsel's errors must be 'so serious as to deprive

the defendant of a fair trial, a trial whose result is reliable.'" *Id.* (quoting *Strickland*, 466 U.S. at 687).

II.     Claims 1 and 2.

Petitioner maintains that the Court did not have personal jurisdiction over him in his criminal case because it failed to apply the Tennessee long-arm statute, Tennessee Code Annotated § 20-2-223(a), and that "counsel was ineffective for failing to address this matter in the Defendant's [m]otion to [s]uppress, and again in the appeal of the [m]otion to [s]uppress." (D.E. 1 at PageID 5.) Respondent argues that the assertions are without merit as a matter of law. The Government's position is well-taken.[5]

The Sixth Circuit made clear in Jones' direct appeal that "Tennessee law d[id] not apply" in his federal criminal proceeding. *Jones*, 707 F. App'x at 320. Therefore, the state's long-arm statute provides Petitioner with no basis for relief. In addition, this Court did, in fact, have personal jurisdiction over Jones during his criminal case because he was charged with committing federal offenses within the territory of the United States. *See* 18 U.S.C. § 3231; *United States v. Williams,* 341 U.S. 58, 65 (1951) (citing 18 U.S.C. § 3231) ("The District Court had jurisdiction of offenses against the laws of the United States . . . [h]ence it had jurisdiction of the subject matter . . . and, of course, of the persons charged"). Claim 1 is therefore without merit.

So is Claim 2. Because the personal jurisdiction argument would have amounted to a "futile objection[]," counsel's failure to present it in the district court or on appeal "does not constitute ineffective assistance." *See Altman v. Winn*, 644 F. App'x 637, 644 (6th Cir.), *cert. denied*, 137 S. Ct. 76 (2016). Claims 1 and 2 are DENIED.

---

[5]There is no factual dispute as to any of Petitioner's claims. Therefore, an evidentiary hearing is not needed.

III. Claims 3 and 4.

Petitioner submits in Claim 3 that the Court erred in determining that he was a career offender because his prior Tennessee conviction for possession of cocaine with intent to deliver or sell is not a controlled substance offense under the Guidelines. He insists that the state statute under which he was convicted does not categorically fit the Guideline definition of a controlled substance after *Mathis* and *Havis*. In Claim 4, he contends that counsel was ineffective by failing to argue that he did not qualify as a career offender. Respondent posits that Jones' challenge to the Court's application of the advisory Guidelines is non-cognizable and otherwise without merit, and that his ineffective-assistance claim is, by extension, also unsupportable. The Court agrees.

The Tennessee drug statute provides in relevant part that

(a) It is an offense for a defendant to knowingly:

>  (1) Manufacture a controlled substance;
>  (2) Deliver a controlled substance;
>  (3) Sell a controlled substance; or
>  (4) Possess a controlled substance with intent to manufacture, deliver or sell the controlled substance.

Tenn. Code Ann. § 39-17-417(a)(1)-(4). "'Deliver' or 'delivery' means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship[.]" Tenn. Code. Ann. § 39-17-402(6).

The Guidelines define a "controlled substance offense" as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

To determine if a conviction constitutes a controlled substance offense, a court must "apply a 'categorical' approach," which focuses on the statute under which the petitioner was convicted,

8

rather than his conduct. *United States v. Gibbs*, 626 F.3d 344, 352 (6th Cir. 2010) (citing *Taylor v. United States*, 495 U.S. 575, 600 (1990)). If the statute is "divisible," meaning it describes multiple offenses, the court may "employ the 'modified categorical approach.'" *United States v. House*, 872 F.3d 748, 753 (6th Cir.) (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)), *cert. denied*, 138 S. Ct. 367 (2017). That approach permits the examination of "a limited class of documents" from the defendant's prior criminal case in order "to determine which alternative formed the basis of the defendant's . . . conviction." *Id.* (quoting *Descamps*, 570 U.S. at 257). The Supreme Court in *Mathis* clarified that a statute is divisible if it lists alternative elements, not alternative means of satisfying one or more elements. *Mathis*, 136 S. Ct. at 2249. If the statute lists alternative means, then it is "indivisible," and resort to the limited class of documents is prohibited. *Id.* at 2248.

Under either approach, the "second step" in a court's analysis is to "determine whether the offense, as described either by the entirety of an indivisible statute or by the relevant alternative of a divisible statute, matches § 4B1.2(b)'s definition of a 'controlled substance offense.'" *United States v. Pittman*, 736 F. App'x 551, 554 (6th Cir.), *cert. denied*, 139 S. Ct. 608 (2018). If the elements do not match, the prior conviction cannot be counted toward the defendant's career offender status. *Id.* at 555.

In *Havis*, the Sixth Circuit, sitting en banc, "decided that [the defendant's] Tennessee conviction for delivery of a controlled substance" under Tennessee Code Annotated § 39-17-417(a)(2), "was *not* a controlled-substance offense under the guidelines." *United States v. Garth*, 965 F.3d 493, 496-97 (6th Cir. 2020) (citing *Havis*, 927 F.3d at 387). The court "reached that result because 'the parties agree[d] that the least culpable conduct' Tennessee delivery proscribes is 'attempted delivery,' but the guidelines' definition covers only the controlled-substance offenses

9

listed in the definition (which are all completed crimes), not the attempted versions of those offenses listed in the Sentencing Commission's commentary." *Id.* (alteration in original) (quoting *Havis*, 927 F.3d at 385, 387).

Petitioner's challenge in Claim 3 to the use of his drug conviction under subsection (a)(4) of the Tennessee statute to qualify him as a career offender is an attack on the Court's application of the advisory Guidelines and therefore cannot be brought in this collateral proceeding. In *Bullard v. United States*, 937 F.3d 654 (6th Cir 2019), *cert. denied*, 140 S. Ct. 2786 (2020), the Sixth Circuit held that a claim that a court has misapplied the advisory Guidelines, including a claim under *Havis*, is "best left for direct review" *Bullard*, 937 F.3d at 661. Relying on its decision in *Snider v. United States*, 908 F.3d 183 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1573 (2019), the *Bullard* court explained that

> [a] misapplication-of-an-advisory-guidelines-range claim is not cognizable under § 2255. Indeed, every circuit to look at the issue has agreed that a defendant cannot use a § 2255 motion to vindicate non-constitutional challenges to advisory guideline calculations. As a result, Bullard cannot use § 2255—or our decision in *Havis*—to attack collaterally his designation as a career offender under the Sentencing Guidelines.

*Bullard*, 937 F.3d at 660-61 (ellipses, brackets, and internal citations and quotation marks omitted).

But even if Claim 3 were properly before the Court, it is without merit. The Sixth Circuit has held, post-*Mathis* and post-*Havis*, that the crime defined in subsection (a)(4) of the Tennessee drug statute is categorically a controlled substance offense under the Guidelines. *See United States v. Graham*, 824 F. App'x 332, 335-36 (6th Cir. 2020) (citing *Garth*, 965 F.3d at 497) (defendant's Tennessee conviction for possession of drugs with intent to manufacture, deliver, or sell was categorically a controlled-substance offense under the Guidelines). The court reached that conclusion because, under Tennessee law, the possession-with-intent felony "is a completed crime, not an attempted one that *Havis* puts beyond the guidelines' reach." *Garth*, 965 F.3d at 497.

By logical extension, Claim 4 is also without merit. Because a challenge by Jones' counsel to the application of the career-offender provision would have been futile, counsel did not perform deficiently by failing to present the argument, and Petitioner was not prejudiced by counsel's conduct. Claims 3 and 4 are DENIED.

For these reasons, the Petition, as amended, is DENIED. Judgment shall be entered for Respondent.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition, as amended. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed in forma pauperis in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is therefore DENIED.[6]

IT IS SO ORDERED this 2nd day of July 2021.

    s/ J. DANIEL BREEN
    UNITED STATES DISTRICT JUDGE

---

[6]If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.